Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the INTERNET. See Pro Se Privacy Notice for further information.

### 1. CAPTION OF ACTION

19 CV 6483 FPG

A.   Full Name And Prisoner Number of Plaintiff: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Troy Miller; 12B0924
2. _____

-VS-

B.   Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. N.Y.S. DOCCS; Anthony J. Annucci
2. Livingston Corr. Facility
3. C.O. Trautman
4. Dave Karl/carl
5. _____
6. _____

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

PLAINTIFF'S INFORMATION NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Troy Miller; 12B0924
Present Place of Confinement & Address: Livingston Corr. Facility; P.O. Box: 91; Route 36; Sonyea, N.Y. 14556

Name ~~and Prisoner Number of Plaintiff~~: of Defendant: NYS-DOCCS; Anthony J. Annucci-commissioner
~~Present Place of Confinement & Address~~: 1220, Washington Ave  Albany, N.Y. 12226

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Troutman
(If applicable) Official Position of Defendant: Corrections officer
(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity
Address of Defendant: Livingston Corr. Fac.; P.O. Box 49; Rt. 36, Sonyea Rd, Sonyea, N.Y. 14556

Name of Defendant: Dave Carl / Karl
(If applicable) Official Position of Defendant: Grievance Coordinator
(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity
Address of Defendant: Livingston Corr. Fac. P.O. Box 49, Rt. 36, Sonyea Rd, Sonyea, N.Y. 14556

Name of Defendant: Awopetu
(If applicable) Official Position of Defendant: Superintendent
(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity
Address of Defendant: Livingston Corr. Fac. P.O. Box 49, Rt. 36, Sonyea Rd, Sonyea, N.Y. 14556

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
   Yes____  No _X_

If Yes. complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____
   Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):_____

3. Docket or Index Number:_____
4. Name of Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

   Disposition (check the statements which apply):

   ____ <u>Dismissed</u> (check the box which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to exhaust administrative remedies;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   ____ <u>Judgment</u> upon motion or after trial entered for

   ____ plaintiff

   ____ defendant.

B. Have you begun any other lawsuits in federal court which relate to your imprisonment?

   Yes____ No_X_

<u>If Yes, complete the next section</u>. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

___ <u>Dismissed</u> (check the box which indicates why it was dismissed):

  ___ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

  ___ By court for failure to exhaust administrative remedies;

  ___ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

  ___ By court due to your voluntary withdrawal of claim;

___ <u>Judgment</u> upon motion or after trial entered for

  ___ plaintiff

  ___ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include <u>all</u> possible claims.)

- Religion ✓
- Free Speech ✓
- Due Process ✓
- Equal Protection ✓
- Access to the Courts
- False Arrest
- Excessive Force ✓
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment ✓
- Right to Counsel

Please note that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

Fed.R.Civ.P. 8(a) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). Fed.R.Civ.P. 10(b) states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

A. **FIRST CLAIM:** On (date of the incident) or about the 19th day of may - 2019 defendant (give the **name and position held** of **each defendant** involved in this incident) C.O Troutman; Dave Karl,

did the following to me (briefly state what each defendant named above did): learned of prison closure and loss of stable/local employment at Livingston C.F. At that time he began harrassing muslim inmates in G2 dorm. Harrassment included a requirement that while he is working "kufi"/religious head garment, cannot be worn. He did snatch off the head of Reesie Nash 07B3157, his kufi when he explained to Troutman it is a religious head covering as defined in directive. Nash filed a grievance on may 22nd and Grievance Coordinator Dave Karl refused to file it wrote a "To from" to a Lueitennant who ordered Sgt. Brown to sympathize with Nash and by subtle threat, discontinue pursuit in filing grievance. Thereafter, Nash was written a false misbehavior report *See Attachment # 1

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Religion, Free Speech, Equal Protection,

The relief I am seeking for this claim is (briefly state the relief sought): $ 75,000.00

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? __X__ Yes ____ No   If yes, what was the result? #

Did you appeal that decision? ____ Yes __X__ No   If yes, what was the result? Claimed it was not received Claimed it was not received

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: The threat of physical harm and being set up with weapon causing removal from parole's "Alternative" to Willard Program "90 Day ADt" Program, as threatened by investigating Sergeant.

A. **SECOND CLAIM:** On (date of the incident) or about the 22nd day of may - 2019 & June 21, 2019 defendant (give the **name and position held** of **each defendant** involved in this incident) C.O. Troutman; Dave Karl

5

did the following to me (briefly state what each defendant named above did): To embarass, intimidate me based upon my religious beliefs, ordered me to remove my Kufi on the count. I complied. After count, without remembering his threat, I replaced it. He then took me between Foyer doors, shoved my head into wall, slapped and punched me about the face. This caused dizziness, anxiety, permanent scarring, lacerations, I was denied medical treatment and he confiscated my Kufi. On 6/21/19, Trautman appologized using another witness(an inmate) to observe same. I filed a grievance on 5/27/19. On 6/14/19 IGRC marcus warned retalliation if appealed

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Religion, Free Speech, Due Process, Equal Protection, Excessive Force, Failure to protect, Denial of medical Treatment

The relief I am seeking for this claim is (briefly state the relief sought): $75,000.00

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes _____ No   If yes, what was the result? Grievance denied my claims and ruled adversely

Did you appeal that decision? _____ Yes __X__ No   If yes, what was the result? I was threatened to desist appeal attempts

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: I was threatened

If you have additional claims, use the above format and set them out on additional sheets of paper.

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

$150,000.00

Do you want a jury trial? Yes __X__ No ____

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/25/19
            (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____ *(signature)* _____

Signature(s) of Plaintiff(s)

Revised 05/01 WDNY

# AUTHORIZATION

## PRISONER'S CIVIL ACTION FILING FEE
## WESTERN DISTRICT OF NEW YORK

I, (print name) Troy miller 12 B0924 , request and authorize the agency holding me in custody, to send to the Clerk of the United States District Court, Western District of New York, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) at the institution where I am incarcerated.

I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified by 28 U.S.C. § 1915 (b), to deduct those amounts from my prison trust account (or institutional equivalent), and to disburse those amounts from my account to the United States District Court for the Western District of New York.

*This Authorization shall apply to any other agency into whose custody I may be transferred, and to any other district court to which my case may be transferred and by which my poor person application may be decided.*

This Authorization is furnished in connection with the commencement of a federal court civil action, and I understand that I must pay the total amount of the filing fee, which is $350.00.

**I understand that by signing this authorization, the entire filing fee of $350.00 will be paid to the court in installments by automatic deductions from my prison trust fund account <u>even if my case is dismissed before the entire amount of the fee has been deducted from my account</u>.**

Dated: June 25th , 2019

Troy miller
Signature of prisoner

Troy miller
Printed name of prisoner

12 B0924
Inmate number of prisoner

FORM 2131E (9/12)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

Grievance No. LIV-12892-19

Facility: __Livingston__ CORRECTIONAL FACILITY

Date: 5·27·2019

Name: Troy Miller   Dept. No.: 12B0924   Housing Unit: G-2, 37B

Program: _____ AM  ASAT·ADT  PM

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)*

(From 5·22·19 - 5·27·19)

Description of Problem: Officer Troutman harasses, intimidates, and violates my constitutional right of my sincerely held religious belief by requiring me to remove religious head cover. Has told me he is moving my cube, to harass me; has intimidated me by threat of setting me up and has told the dorm that in order to get Appliances back someone must set me or #13 cube or #14 cube up, by banger. Has used inmates to threaten inmates. Retalliated by writing #13 cube up for witness endorsement on grievance and arbitrarily removed me as facilitator. He has caused ASAT Murphy to write false tickets and endorse manner of Troutmans violent & threatening behavior.

Grievant Signature: Troy Miller

Grievance Clerk: [signature]   Date: 5/31/19

Advisor Requested ☐ YES  ☐ NO   Who: _____

Action requested by inmate: No further acts of retalliation occur nor any acts of intimidation. That this officer be reprimanded. That this be placed in his personal folder. That Murphy not retalliate, or cause further retalitory conduct.

The Grievance has been formally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

states kufi removal is now due

FORM 2131E (REVERSE) (9/12)　　　　IGRC: 6/13/19　　(Deadlocked)　　　　LIV-12892-19

**Response of IGRC:**

#1: Livingston IGRC staff reps maintain the request to remove religious heargear is a legitimate order that allows staff to better identify inmates and view any wounds to the head area.

#2: Livingston IGRC inmate reps assert the investigation fails to establish an articulable basis for the request to remove religious headcovering. The long-standing requisite for the conduct of a count is to view a live, breathing body. There does not appear to be any department directive that supports this broad-based action by staff. Inmate reps note Dir. 4910 allows for the removal of religious head covering in the conduct of a personal search. Any request to remove religious head covering should be made in an individual, case-by-case basis. Given the sensitive nature of religious expression and group identity, IGRC inmate reps recommend staff discontinue this practice.

Date Returned to Inmate: 6·14·19　　　IGRC Members: _____ #1
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____ #1
Chairperson: _____　　　　　　　　　　　　Tony Marcus _____ #2
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____ #2

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: _____　　　　　　　　　　　　Date _____
　　　　　　Grievant

_____ Grievance Clerk's Receipt　　　　　Date _____

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
　　　　　　　　　　　　　　　　　　　　　　　Date

Grievance forwarded to the Superintendent for action: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| | | |
|---|---|---|
| **NEW YORK STATE Corrections and Community Supervision** | GRIEVANCE NO. LIV-12892-19 | DATE FILED 5-31-19 |
| | FACILITY Livingston Correctional Facility | POLICY DESIGNATION Inst. |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Religious headcover off at count | CLASS CODE 23 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE D. Lowrey, Acting Supt | DATE 6/19/19 |
| GRIEVANT Miller, T. | DIN 12B0924 | HOUSING UNIT G-2 |

    Staff may direct the removal of a religious headcover during the conduct of any count. This action permits staff to positively identify each inmate and ensures detection of any sudden change in appearance. This action also allows staff to detect any head wounds. This practice is meant to ensure the safety and good order of the facility.

    There will be no discussion of any living quarter reassignment, as you have not experienced any of late. If you feel you have been the subject of a "set up," this can be the subject of a separate grievance. These claims are vague and unexplained. Vagueness will not be interpreted in favor of the grievant.

    There will be no discussion of any action allegedly taken against another inmate. All grievances must be filed in a personal capacity.

    There will be no discussion of any allegation that staff caused another staff member to act in any manner. Staff is responsible for their individual actions.

    Assignment to the position of facilitator is a privilege, not a right. Assignment to and removal from this position is at the discretion of program staff. You have no right to expect continued placement in this position.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

| GRIEVANT'S SIGNATURE | DATE |
|---|---|
| GRIEVANCE CLERK'S SIGNATURE | DATE |

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2133 (02/15)



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

# MEMORANDUM

37

**TO:** Troy Miller, 12B0924, G-2

**FROM:** *D. Lowrey* C.D. Lowrey, Deputy Superintendent for Security Services

**DATE:** June 17, 2019

**SUBJECT:** Inmate Grievance

---

This is in response to your letter dated June 13, 2019, concerning the grievance you submitted. Be advised, the grievance supervisor codes <u>all</u> grievances.


CDL/laa

cc:   File

First Claim

On May 19th 2019, C.O. Troutman told me, while sitting at his desk, that he lived local, that if I did not cease wearing my kufi and desist prayer that he would "pay (me) a visit and finish what this nation should have finished long ago. Be thankful for the warning" and dismissed me. Due to this alarming threat, which overburdened my sincerely held religious belief, I discontinued prayer and removed my kufi. I feared that, like Nash, I could be wrote a frivolous ticket and or lose my program. Later, C.O. Troutman claimed "a new directive authorizes me to remove or require removal of kufi's. Don't say I haven't warned you". Although scared, I wrote a grievance. It disappeared. I wrote another, it was improperly coded 23 and treated lightly, brushed under table and wrote off as a security concern, necessary to check for wounds. The grievance filed previously has not surfaced. With both first and second claims, if not for NYS Doccs failure to properly train or supervise staff regards religion, assault, retalliation, threats, oppression and if grievance's or grievants were protected from rogue officers when complaints were filed, this officer and Civil Service Grievance Coordinator would not work in concert to otherwise disparage and violate clearly established rights known to both to be rights prior to their intentional deprivation of these rights (END)//

7. Artifacts and symbols: Other religious artifacts or symbols such as clan or nature symbols or representations, or additional items needed for ceremonies, including items of ceremonial dress, as approved by the Director of MFVS.

8. Inmates may practice smudging and smoking (non-tobacco) subject to the following:

   a. Inmates may only smudge and smoke non-tobacco products within areas approved by each facility Superintendent.

   b. Smudging will be permitted two times per day for 15 minutes each time. Smoking (non-tobacco) will be permitted two times per day for 15 minutes each time. One 15 minute period will occur before the morning meal and the second 15 minute period will occur in the evening, the exact times to be determined by the Superintendent of the facility. In keeping with DOCCS' non-smoking policy, only non-tobacco substances consisting of sweet grass, sage, cedar, kinnick-kinnick (obtained from an approved commercial vendor), or calamus root may be used for smudging.

   c. An inmate in general population is allowed to smudge a sweet grass braid of up to 22" and burn one tablespoon of non-tobacco herbs in his or her shell or ashtray. An inmate in SHU/disciplinary housing/administrative segregation may only smudge a sweet grass braid of 1" and burn one tablespoon of smudging herbs.

   d. In keeping with DOCCS' non-smoking policy, only non-tobacco substances consisting of sweet grass or kinnick-kinnick (obtained from an approved commercial vendor) may be used for smoking.

E. Only inmates who have a documented Native American designation will be allowed to participate in approved Native American ceremonies. Native Americans may wear long hair without it being tied back in a ponytail or fastened during ceremonies and study group meetings. During scheduled ceremonies only, they may braid the ponytail. Native American ceremonies may also include dance bells, a feather fan, an approved blanket of multi-color design, and ribbon shirts (so long as significant portions of these items are not of an unauthorized solid color), other religious artifacts or symbols such as clan or nature symbols or representations, additional items needed for the ceremony including items of ceremonial dress, and other items approved by the Director of MFVS.

XIII. **RELIGIOUS HEAD-COVERINGS**: Inmates are permitted to wear religious head-coverings as permissible in a correctional setting and outlined in the Religious Calendar.

   A. A facility Chaplain is to determine whether the head-covering itself is legitimate and whether it is being worn appropriately as noted and approved in the directive and Religious Calendar. This is to be verified via noted policy and/or consulting the assigned MPC. If a Chaplain of the inmate's faith belief is unavailable, the Coordinating Chaplain should be consulted. If there are additional questions surrounding the validity of the item then the assigned MPC should be consulted.

XIV. **RELIGIOUS MEDALLIONS, BEADS, AND SHRINES**: The items are subject to the provisions of Directive #4911, "Packages & Articles Sent or Brought to Facilities." An item may not exceed the value as noted on the list of individual worship items, and shall not be of such size or design that it can be used as a weapon, used to conceal contraband, or otherwise constitute any threat to the safety and security of the facility.

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

19 CV 6483 FPG

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Troy Miller 12B0924

**DEFENDANTS** NYS DOCCS COMM. Annucci
Livingston CF SUPT Aloopetu
C.O. Troutman
Dave Karl/Carl

**(b)** County of Residence of First Listed Plaintiff: Livingston
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Livingston
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

USDC-WDNY ROCHESTER JUN 27 2019

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☒ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC §1983
Brief description of cause: Cruel & Unusual Punishment; Free Speech; Religion; Right to medical; Equal Protection; Due Process; Assault

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.